864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOHN THOMAS BATTS, INC., Plaintiff-Appellant,
v.
S.O. TEXTILES CO., INC., Defendant-Appellee.
 No. 88-1134.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1988.
 
 Before MARKEY, Chief Judge, NEWMAN and MAYER, Circuit Judges.
 DECISION
 MARKEY, Chief Judge.
 
 
 1
 The judgment of the United States District Court for the Southern District of Florida, No. 85-3378-CIV, dismissing John Thomas Batts Inc.'s (Batts') action on the basis of its holding that Batts' Design Patent No. 267,920 (the '920 patent) was invalid under 35 U.S.C. Sec. 103 (1982), is affirmed.
 
 
 2
 OPINION*
 
 
 3
 Batts falls far short of showing that the district court made clearly erroneous findings or that it erred in law when it assessed the facts found. See Rolls Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1104, 231 USPQ 185, 187 (Fed.Cir.1986).
 
 
 4
 We are unconvinced that the district court employed hindsight or improperly reconstructed the '920 patent's ornamental design. We, like the district court, think it plain that the Duester and Perl references are properly combinable. The references "are so related that the appearance of certain ornamental features in one would suggest the application of those features to the other." See In re Rosen, 673 F.2d 388, 391, 213 USPQ 347, 350 (CCPA 1982). Batts' argument ignores the rule that in design patents the claim is to the ornamental design shown.
 
 
 5
 The district court's opinion refutes Batts' arguments that it disregarded the differences in the claimed invention and failed to focus on the invention as a whole.
 
 
 6
 Finally, the record fully refutes Batts' assertions that there was insufficient evidentiary basis to conclude that the claimed invention would have been obvious and that the court ignored the presumption of validity (35 U.S.C. Sec. 282).
 
 
 
 *
 Because we affirm the court's Sec. 103 holding, we need not and therefore do not consider S.O. Textile's indefiniteness, new matter, and noninfringement arguments